THE SOUTH ROYALTON BANK *v.* EZEKIEL R. COLT.

*Practice.*

The fact, that a cause is pending in the supreme court upon exceptions, does not give that court jurisdicton to grant a new trial in the county court for causes not appearing upon the record, upon a motion for a new trial. The only proper proceeding to secure a new trial in such a case is an original one by the way of a petition under the statute.

And such a petition can not be made returnable to a general term of the supreme court.

This was a petition for a new trial in a cause tried in the county court and brought into this court upon exceptions, which are still pending. The petition was made returnable to the General Term, at Woodstock, for the eastern counties. The cause is one pending in the county of Windsor.

The petitioner moved to dismiss the petition on the ground that no original process could properly be made returnable to this term of the supreme court, it being, by law, established merely for the purpose of disposing of the unfinished business in the several counties at the stated terms, and the rehearing of such causes as shall be ordered for re-argument.

The petitioner claimed, that as the cause is still pending in this court upon exceptions, this petition may properly be treated as a motion for a new trial in a cause already pending in the court.

REDFIELD, Ch. J. For a short period after the present judicial system was adopted in 1825, by which cases were allowed to pass from the county court into this court, upon exceptions and motion, without the formality of a writ of error, it was customary to entertain motions for new trials in this court, so long as the exceptions were pending. This was done upon the basis of the two courts being practically combined in the trial of causes, the jury trial being had in the county court, and the questions of law, reserved at the trial, being heard in this court.

But it was, upon further examination and consideration, found that this theory was not maintainable. The two courts are as essentially distinct in the trial of causes, as under the former practice of bringing cases into this court by writ of error only.

The judgment in the county court is final, to all intents and for all purposes, the same whether exceptions are allowed or not, until reversed. And it makes no practical difference whether the questions of law reserved at the trial in the county court pass into this court upon exceptions, or writ of error. In neither case has the supreme court any jurisdiction to grant new trials, for matters not appearing upon the record, except upon petition.

We think, therefore, that this petition can only be maintained

The South Royalton Bank *v.* Colt.

as such, and not upon the ground of any aid or support which it may be able to derive from the pendency of the exceptions.

And as a distinct original proceeding, we think the statute is very explicit, in declaring that the appropriate purpose of the general term does not embrace it, and that it must, therefore, be dismissed, with costs.